UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24583-BLOOM/Torres

MATTHEW JONES,

    Plaintiff,
v.

MIAMI POLICE,

    Defendant.
_____/

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

**THIS CAUSE** is before the Court upon a review of *pro se* Plaintiff Matthew Jones' ("Plaintiff") Complaint, ECF No. [1]. Plaintiff has not paid the filing fee and filed a Motion for Leave to Proceed *In Forma Pauperis*, ("Motion"), ECF No. [3]. The Court has carefully considered the, the record in this case, and is otherwise fully advised. For the reasons that follow, Plaintiff's Complaint is dismissed without prejudice and the Motion is denied as moot.

**I.    BACKGROUND**

Plaintiff filed his Complaint against the Miami Police seeking damages of $125,000, compensatory damages, special damages, and costs based upon allegations of rape and abuse he suffered as a minor from late June through early July of 2000. ECF No. [1]. Plaintiff alleges that he was trafficked throughout U.S. Route 13 by a family member where he was raped, tortured, and otherwise violently attacked across sixteen states, by multiple police departments and state troop forces, by family members, and by members of the religious congregation that his aunt belonged to in Georgia. *Id*. at 1-4. However, the sole named Defendant is the "Miami Police." *Id*.

In his Complaint, Plaintiff alleges claims under 42 U.S.C. § 1983; Negligence; Equal Protection provisions of the 14th Amendment to the U.S. Constitution; 10 Del. C. § 4011(c); the

Federal Torts Claims Act (FTCA); 10 U.S.C. § 920 – Art. 120; 10 U.S.C. § 843 Art. 43[1]; 18 U.S.C. §§ 2031 – 32 (repealed, Nov. 14, 1986)[2]; and 2471.18 U.S.C. § 2 for crimes against the United States. *Id*. at 5-10. Additionally, Plaintiff alleges a negligence claim, stating that all Defendants owed him a duty of care, and were negligent, reckless, and/or wanton in that they: were negligent, violated his Eighth Amendment rights; violated his rights under 42 U.S.C. § 1983; censored his First Amendment rights; and caused assault and battery to him. *Id*. at 10-11. Plaintiff also references the United States Constitution, art. 3 § 2, and art. 6 § 2, and the doctrine of *respondeat superior*. *Id*.

## II.   LEGAL STANDARD

### A.  Pleading Standards

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). Still, a *pro se* party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). In assessing whether a plaintiff may proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2) requires a court to dismiss a case at any time if the court determines that the case is frivolous or fails to state a claim on which relief may be granted. The same standard as a dismissal under the Federal Rules of Civil Procedure 12(b)(6) governs a dismissal under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d, 1483, 1490 (11th Cir. 1997).

---

[1] Title 10 of the U.S. Code applies to the United States Armed Forces.
[2] Sections 2031 and 2032 prescribed penalties for the commission of rape and for carnal knowledge of a female under sixteen, respectively, within special maritime and territorial jurisdictions. Both were repealed pursuant to Pub. L. 99-646, § 87(c)(1), Nov. 10, 1986, 100 Stat. 3623; Pub. L. 99-654, § 3(a)(1), Nov. 14, 1986, 100 Stat. 3663.

Because Plaintiff is a *pro se* litigant who has not paid the Court's filing fee, the screening provisions of 28 U.S.C. § 1915(e)(2) apply. Under the statute, a "court shall dismiss the case at any time if the court determines that … (B) the action or appeal … (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under § 1915(e)(2)(B), the Court must dismiss the complaint.

In discussing what is frivolous in the context of 28 U.S.C. § 1915(e)(2)(B)(i), the Eleventh Circuit has held that "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

In determining whether an action fails to state a claim on which relief may be granted, the following standards are relevant. A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*,

550 U.S. at 570). Importantly, "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

### a. Shotgun Pleading

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)). "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

Overall, shotgun pleadings do not establish a connection between "the substantive count and the factual predicates . . . [and] courts cannot perform their gatekeeping function with regard to the averments of [the plaintiff's claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006). The Eleventh Circuit has identified four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Merch. One, Inc. v. TLO, Inc.*, No. 19-CV-23719, 2020 WL 248608, at *3 (S.D. Fla. Jan. 16, 2020) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnotes omitted)). Shotgun pleadings are condemned by the Eleventh Circuit, which has specifically instructed district courts to dismiss shotgun pleadings as "fatally defective." *B.L.E. v. Georgia*, 335 F. App'x 962, 963 (11th Cir. 2009) (citations omitted).

### III.  DISCUSSION

#### a.  Failure to state a claim upon which relief can be granted.

Plaintiff alleges that he was the victim of rape and abuse across sixteen states and perpetrated by twenty-nine law enforcement entities, as well as his own family and members of a church. However, Plaintiff has only named the Miami Police as a Defendant. One paragraph sets forth the allegations against the Miami Police: "we left Georgia for Florida. In Florida, I was [] raped and tortured in Jacksonville, Tampa Bay, and Miami. The Florida Highway Patrol-Troop G, the Tampa Police Department, and the Miami Police Department participated." *Id*. at 3.

Even construing the Complaint liberally, and to a less stringent standard than one drafted by an attorney, there are insufficient factual allegations against the Miami Police to state a

plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550, 556 U.S. 544 (2007)). Here, Plaintiff has asserted that the Miami Police participated, but provides no facts to support the allegation. Here, as to the sole defendant, Plaintiff alleges that he was raped in Jacksonville, Tampa Bay, and Miami. . . . and the Miami Police participated." *Id*. There is no specificity as to what is being alleged by "participation." As such, the Complaint as to the Defendant rests on a plain assertion "devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Plaintiff has failed to state a claim as to the Defendant upon which relief may be granted. Therefore, under the relevant pleading standards, the case must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

      **b.**      **Complaint is a shotgun pleading**

The Complaint presents a traumatic experience. However, even construing the pleading liberally and to a less stringent standard than a complaint drafted by an attorney, Plaintiff has listed a list of factual allegations but fails to connect the factual allegations to the counts he attempts to put forth. As such, the Complaint falls within the second and third categories of shotgun pleadings set forth in *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). Shotgun pleadings "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. 1323.

The second class of shotgun pleading is one "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* (footnotes

omitted). Plaintiff has set forth a harrowing list of allegations against twenty-nine law enforcement agencies, his family, and of a church congregation) of rape and abuse. However, there is only one named defendant. Therefore, almost all allegations in the Complaint are immaterial to his claim against the Miami Police. For example, Plaintiff lists attacks by the Maryland State Police, the Delaware state police, the Virginia State Police "Division 7 area 9." ECF No. [1] at 2. Plaintiff also alleges that the North Carolina State Highway Patrol and the Jacksonville Police Department tortured him for three hours and then dragged him through a dirt path in a tire yard to an office where the attacks continued. *Id*. These, and other similar allegations in the Complaint, are not connected to any claim against the Miami Police. When a complaint is filled with facts unconnected to any cause of action, the complaint fails. *Weiland* 792 F.3d at 1323. The Eleventh Circuit will condemn a complaint "replete with [immaterial] factual allegations [and where] any allegations that are material are buried beneath [] irrelevancies." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).

The third category of shotgun pleading set forth in *Weiland* is one that fails to separate "each cause of action or claim for relief" into different counts. 792 F.3d 1323. Here, Plaintiff at times fails to separate the causes of action. For example, in setting forth a negligence claim, Plaintiff asserts:

> Defendants were negligent, reckless, and/or wanton in that they:
> a. Were negligent in their actions;
> b. Violated the Plaintiff's 8th Amendment rights;
> c. Violated the Plaintiff's rights under 42 U.S.C. 1983;
> d. Censored the Plaintiff's 1st Amendment rights to freedom of speech and of press;
> e. Caused Assault and Battery to the Plaintiff.

ECF NO. [1] at ¶17. Plaintiff has put forth several distinct causes of action as subsets of a claim of negligence. As such, Plaintiff's Complaint also falls within the third category of shotgun

pleadings and is due to be dismissed for this reason as well. The pleading standards for an *in forma pauperis* party requires "the court [to] dismiss the case at any time if the court determines that. . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED without prejudice**.
2. The Clerk of Court is directed to **CLOSE** this case. If Plaintiff files a new Complaint, he must do so by opening a new case.
3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 3, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record